USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/3/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRIAN LAMAR PONDER,

                      *Plaintiff,*

              -against-

TRANS UNION, LLC,

                    *Defendant.*

1:25-cv-9762-MKV

**<u>SCHEDULING ORDER</u>**

MARY KAY VYSKOCIL, United States District Judge:

The Court is in receipt of the Parties' competing letters concerning the conference previously scheduled in this matter for April 9, 2026. [ECF Nos. 14, 15, 16, 17]. The Order scheduling that conference was issued on March 23, 2026. [ECF No. 13]. Within days of that Order, Plaintiff had filed a supplemental letter concerning issues to be discussed at the conference. [ECF No. 14].

On March 31, 2026, Plaintiff requested that he be granted leave to participate remotely in the April 9, 2026, conference, or that it be rescheduled for sometime in May. [ECF No. 15]. Apparently, as clarified in a subsequent letter, "Plaintiff has been outside of the United States since March 5, 2026 and is scheduled to return on April 26, 2026." [ECF No. 17] at 1. Despite the fact that this was a "pre-planned international trip," [ECF No. 15] at 2, Plaintiff declined to mention it to the Court or Defendant until eight days after the Court's Order scheduling the upcoming conference.

Indeed, Plaintiff scheduled an in-person settlement meeting with Defendant—as required by the Court's prior scheduling Order, [ECF No. 13]—for April 2, 2026, despite the fact that he was not, and would not on that date be, in the United States. [ECF No. 16]. The Court further notes that Plaintiff's recent disbarment appears to have been premised in part on his failure to

attend multiple court-ordered conferences and hearings. *See Matter of Ponder*, 2026 NY Slip Op 01286 (App Div, 1st Dept Mar. 5, 2026).

Whether proceeding as an attorney, or, as is now the case for Plaintiff, *pro se*, this is no way to conduct litigation in federal court. Nevertheless, because the Parties will now be unable to hold an in-person settlement meeting prior to the April 9, 2026, conference, that conference is hereby ADJOURNED to **May 8, 2026, at 11:00 AM**.

The Parties should be prepared to discuss at the conference, in addition to routine scheduling and case-management issues, Defendant's requests for 1) a protective order and associated costs and fees, [ECF No. 9], and 2) costs and fees incurred due to Plaintiff's scheduling of an in-person settlement meeting for a date upon which he would not be in the United States, [ECF No. 16].

In advance of the conference, counsel must meet face-to-face for at least one hour to discuss the possibility of settlement.

Also in advance of the conference, and within 14 days of this Order, counsel are directed to commence discovery as set forth in Federal Rule of Civil Procedure 26; this shall include, without limitation, a Rule 26(f) conference and the exchange of initial disclosures.

The Court is also in receipt of a Proposed Case Management Plan and joint letter. [ECF Nos. 18, 19]. These were filed in accordance with the Court's prior scheduling Order, [ECF No. 13], but appear to be missing required information, and, in any event, will be outdated by the time of the rescheduled conference.

Accordingly, counsel are further directed to submit a Proposed Case Management Plan and Scheduling Order (https://nysd.uscourts.gov/sites/default/files/practice_documents/MKV%20Vy skocil%20Case%20Management%20Plan.pdf) and joint letter, as required by this Court's Individual Rules of Practice, one week prior to the rescheduled conference date. The documents

should be filed on ECF and sent to this Court via email (in both PDF and Microsoft Word formats). The status letter may not exceed 6 pages and must include the following:

1. A brief statement of the nature of the case, the principal claims and defenses, and the major legal and factual issues that are most important to resolving the case;

2. A brief statement by the plaintiff, or by the defendant in removed cases, as to the basis of subject matter jurisdiction and venue, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction and venue. Statements shall include citations to relevant statutes. In cases invoking the Court's diversity jurisdiction, the parties should state both the place of incorporation and the principal place of business of any party that is a corporation, and the citizenship of all members, shareholders, partners, and/or trustees of any party that is a partnership, limited partnership, limited liability company, or trust;

3. A statement of procedural posture, including

   a. A brief description of any (i) motions that have been made and decided, (ii) motions that any party seeks or intends to file, including the principal legal and other grounds in support of and opposition to the motion, (iii) pending motions and (iv) other applications that are expected to be made at the conference;

   b. A brief description of any discovery that has already taken place, and a brief description of any discovery that the parties intend to take in the future; and

   c. A statement describing the status of any settlement discussions and whether the parties would like a settlement conference; and

4. Any other information the parties believe may assist the Court in resolving the action.

3

Further adjournments will not be granted absent emergency. Continued failure to comply with the Court's orders and/or deadlines, Individual Rules of Practice, or Local Rules will result in sanctions, including monetary penalties, preclusion at trial of information not provided, or preclusion and/or dismissal of claims or defenses.

SO ORDERED.

Date: April 3, 2026
     New York, NY

MARY KAY VYSKOCIL
United States District Judge